**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RANDY D. VELLEFF, ) | |
| ) | Case No. 16 CV 6337 |
| Movant, ) | |
| ) | Criminal Case No. 02 CR 398 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Randy D. Velleff moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1.)[1] On July 10, 2003, a jury found Velleff guilty of conspiracy to commit a robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (Hobbs Act conspiracy) (count 1); conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 (count 2); possessing a firearm in furtherance of a crime of violence (specifically identified as Hobbs Act conspiracy as laid out in count 1) in violation of 18 U.S.C. § 924(c)(1)(a) (count 3); attempted robbery affecting commerce in violation of 18 U.S.C. § 1951(count 4); and attempted possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count 5). (Cr. dkt. 83.) Velleff was initially sentenced to 430 months in prison. (Cr. dkt. 105.) The Seventh Circuit Court of Appeals remanded his case following *United States* v. *Booker*, 543 U.S. 220 (2005), and his sentence was subsequently reduced to 300 months: 240 months' imprisonment on the robbery and drug convictions and a consecutive 60 months' imprisonment on the § 924(c) conviction. (Cr. dkt. 130.) Velleff's 300-

---

[1] References to the docket in Velleff's underlying criminal case, *United States* v. *Velleff*, No. 02 CR 398-1 (N.D. Ill.) are cited as (cr. dkt. __). References to the present civil proceeding are cited as (dkt. __).

month sentence was affirmed on appeal. In 2010, Velleff filed a collateral attack on his sentence pursuant to § 2255 that was denied. According to the Bureau of Prisons' website, https://www.bop.gov/inmateloc, Velleff is scheduled to be released from custody on March 26, 2024.

On May 31, 2016, Velleff moved the Seventh Circuit Court of Appeals for leave to file a second petition, seeking to use *Johnson* v. *United States,* 576 U.S. ---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), to challenge his designation as a career offender under U.S.S.G. § 4B1.1. The Seventh Circuit denied that request but granted Velleff leave to challenge his conviction under § 924(c).[2] (Dkt 2 at 2.) Having considered the submissions of the parties, the court grants the motion to vacate the conviction.[3]

## LEGAL STANDARD

Section 2255 allows a person held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for extraordinary situations." *Hays* v. *United States*, 397 F.3d 564, 566 (7th Cir. 2005 (quoting *Prewitt* v. *United States*, 83 F.3d 812, 816 (7th Cir. 1996). A petitioner must establish "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566–67 (quoting *Prewitt*, 83 F.3d at 816). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and

---

[2] In his § 2255 motion, Velleff also argues that "[c]ounts 1, 2, 4, and 5, must be dismissed for lack of federal jurisdiction."(Dkt. 25 at 10.) As the Seventh Circuit authorized Velleff's motion only with respect to count 3, the court dismisses these claims. *See* 28 U.S.C. § 2244(b)(4); 28 U.S.C. § 2255(h).

[3] Velleff filed his motion *pro se*, but later retained counsel, who filed a supplemental petition as well as replied to the government's briefing.

records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## ANALYSIS

Velleff was sentenced to a mandatory minimum of 60 months' imprisonment on the § 924(c)(1)(A) conviction, which applies to a defendant who uses or carries a firearm during the commission of any "crime of violence." A "crime of violence" is defined as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) (force clause), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the [felony]," *id.* § 924(c)(3)(B) (residual clause). Here, as stated in the indictment, the specific underlying crime of violence was count 1, Hobbs Act conspiracy. (*See* cr. dkt. at 7.)

In *Johnson* v. *United States,* 576 U.S. ---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found unconstitutionally vague the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c)(2)(b)(ii). Velleff argues that his five-year sentence under § 924(c) cannot be sustained because *Johnson* renders that statute's similar residual clause unconstitutionally vague. The government disputes this assertion and further argues that Velleff's *Johnson* claim is untimely and has been procedurally defaulted for failure to raise it on direct appeal as well as that Hobbs Act conspiracy is a crime of violence under 924(c)'s force clause.

### I. Section 924(c)'s Residual Clause Is Unconstitutional

Much of the government's opposition is dedicated to the argument that § 924(c)'s residual clause is not unconstitutional post-*Johnson*. Addressing that issue first allows the court

to more easily explain why Velleff's petition is neither time barred nor procedurally defaulted. In *Johnson,* the Supreme Court held that ACCA's residual clause, 18 U.S.C. § 924(e)(2), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Applying the new constitutional rule announced in *Johnson*,[4] the Seventh Circuit has held § 924(c)(3)(B) to be unconstitutionally vague. *United States* v. *Cardena*, 842 F.3d 959, 996 (7th Cir. 2016); *United States* v. *Jackson*, 865 F.3d 946, 952 (7th Cir. 2017). While the government argues strenuously against that holding, the court must follow Seventh Circuit precedent, which unequivocally states that § 924(c)'s residual clause is unconstitutionally vague.

## II. Velleff's Motion Is Not Untimely

Generally, the statute of limitations for filing a successive motion is one year from the date the petitioner's conviction becomes final. 28 U.S.C. § 2255(f)(1). A motion, however, may also be filed within one year after a right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). *Johnson* was decided on June 26, 2105. The government argues that Velleff did not file his petition with the court until January 20, 2017, more than one year after *Johnson*, and therefore he has not complied with § 2255(f)(3). The court acknowledges that certain docket entries could be seen as supportive of this interpretation. But Velleff sought leave to file a successive § 2255 petition on May 31, 2016, and the Seventh Circuit, in granting that request, specifically stated "The clerk of court will transfer the papers to district court for filing as a § 2255 action." (Dkt. 2 at 3.)

---

[4] In *Welch* v. *United States*, 578 U.S. ---, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016), the Court declared that *Johnson* articulated a new, substantive constitutional rule retroactively applicable to cases on collateral review.

4

Therefore, Velleff's motion was filed June 17, 2016.[5] (*See* dkt. 1.) Because that date is within one year of the decision in *Johnson*, Velleff's motion is not untimely.

### III. Velleff's Motion Is Not Procedurally Defaulted

The government argues that Velleff has procedurally defaulted his claim by not raising it on appeal. Generally, a defendant is barred from raising an argument on collateral review that was not raised on direct appeal. *See Sanchez-Llamas* v. *Oregon*, 548 U.S. 331, 350–51, 126 S. Ct. 2669, 2682, 165 L. Ed. 2d 557 (2006). The court may, however, excuse procedural default if the defendant can demonstrate either "(1) both good cause failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (ii) that the district court's refusal to consider the claims would result in a fundamental miscarriage of justice." *McCleese* v. *United States*, 75 F.3d 1174, 1177–78 (7th Cir. 1996).

Velleff argues that he had good cause for not making his argument on direct appeal because a claim based on *Johnson* was non-existent until 2015. In *Reed* v. *Ross*, 468 U.S. 1, 104 S. Ct. 2901, 82 L. Ed. 2d 1 (1984), the Supreme Court held that when "a constitutional claim is so novel that its legal basis is not reasonably available to counsel," good cause is demonstrated. *Id.* at 16. Further, the Court explained that when it explicitly overrules one of its precedents and applies that decision retroactively, "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged" for the newly adopted position. *Id.* at 17.[6]

---

[5] Velleff has supplemented his petition since the original filing. The government, however, identifies no law stating that a § 2255 petition cannot be supplemented after expiration of the time limit set forth in § 2255(f)(3).

[6] Although the Seventh Circuit has repeatedly questioned *Reed*'s validity following the Supreme Court's decision in *Teague* v. *Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 3344 (1989), *see*, *e.g.*, *Prihoda* v. *McCaughty*, 910 F.2d 1379, 1386 (7th Cir. 1990), *Teague* dealt with constitutional rules of procedure and does not undermine the authority of *Reed* with respect to a substantive rule such as that announced in *Johnson*.

*Johnson* acknowledged the Court's history of rejecting vagueness challenges to the ACCA's residual clause. *See* 135 S. Ct. at 2562–63. Further, as the Seventh Circuit made clear in *Cardena*, § 924(c)'s residual clause was not declared unconstitutional until *Johnson* invalidated the substantially similar residual clause in § 924(e). 842 F.3d at 996. Thus, Velleff has established good cause. The court finds that five unwarranted years of incarceration qualifies as actual prejudice. Accordingly, Velleff's procedural default is excused.

### IV. Hobbs Act Conspiracy Is Not a Crime of Violence Under § 924(c)'s Force Clause

Because § 924(c)'s residual clause is unconstitutional, for Velleff's conviction to stand, it must rest on § 924(c)'s force clause. Velleff argues that Hobbs Act conspiracy does not qualify as a crime of violence under the force clause because its elements do not satisfy the clause's requirement of the "use, attempted use, or threatened use of physical forces against the person or property of another." (Dkt. 29 at 11.) "In determining whether a predicate offense qualifies as a 'crime of violence' under § 924(c), courts use a categorical approach looking only to the statutory elements of the offense and not to the particular facts underlying the offense." *United States* v. *Coleman,* No. 14CR 664, 2016 WL 1435696, at *2 (N.D. Ill. Apr. 12, 2016) (citing *Descamps* v. *United States*, 570 U.S. ---, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013)). "To prove . . . Hobbs Act conspiracy, the government must establish that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." *United States* v. *Haynes*, 582 F.3d 686, 698 (7th Cir. 2009), *abrogated on other grounds* by *United States* v. *Vizcarra*, 668 F.3d 516 (7th Cir. 2012).

The government seems to argue that "[b]ecause the conspiracy prohibition is embedded within § 1951, the agreement is one to take property from someone by force," and therefore the agreement itself threatens the use of force. (Dkt. 28 at 14.) As such, "the robbery conspiracy

6

includes, as an element, the threatened use of force, and thereby qualifies as a 'crime of violence' under the force clause." (*Id.*) Only two elements are necessary to prove Hobbs Act conspiracy: (1) an agreement to commit an unlawful act, and (2) knowingly and intentionally joining in the agreement. Neither of these elements categorically requires the use, threatened use, or attempted use of force.

Moreover, numerous courts have explicitly rejected the argument that Hobbs Act conspiracy satisfies the force clause's definition of a crime of violence.[7] *See, e.g.*, *Horne* v. *United States*, No. 16 CV 01629 TWP DML, 2018 WL 1378976, at *3 (S.D. Ind. Mar. 19, 2018) ("Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause and cannot therefore constitute a crime of violence under § 924(c)(3)(A)."); *United States* v. *Pullia*, No. 16 C 6450, 2017 WL 5171218, at *4 (N.D. Ill. Nov. 8, 2017) ("[B]ecause neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not qualify as a crime of violence under the elements clause of § 924(c)."); *United States* v. *Hernandez*, 228 F. Supp. 3d 128, 139 (D. Me. 2017) ("I therefore conclude that conspiracy to commit Hobbs Act robbery is categorically not a crime of violence under the force clause of § 924(c)(3)(A)."); *United States* v. *Luong*, CR. NO. 2:99-00433 WBS, 2016 WL 1588495, at * 2 (E.D. Cal. Apr. 20, 2016) (holding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that [defendant] used, attempted to use, or threatened to use

---

[7] The government provides no authority in this circuit, nor does this court's research reveal any, recognizing the offense of Hobbs Act conspiracy as constituting a crime of violence under § 924(c)'s force clause. Other circuits that considered, pre-*Johnson*, whether Hobbs Act conspiracy was a crime of violence primarily found that it qualified solely by operation of § 924(c)'s residual clause. *See, e.g.*, *United States* v. *Turner*, 501 F.3d 59, 67 (1st Cir. 2007) (finding that Hobbs Act conspiracy satisfied § 924(c)'s residual clause); *United States* v. *Elder*, 88 F.3d 127, 128–29 (2d Cir. 1996) (same); *United States* v. *Phan*, 121 F.3d 149, 152–53 (4th Cir. 1997) (same); *United States* v. *Taylor*, 176 F.3d 331, 337–38 (6th Cir. 1999) (noting same); *United States* v. *Mendez*, 992 F.2d 1488, 1491–92 (9th Cir. 1993) (same).

physical force in order to find him guilty of conspiracy"); *United States v. Smith,* No. 2-11-CR-00058-JAD-CWH, 2016 WL 2901661, at * 5 (D. Nev. May 18, 2016) (finding in that "[a]greeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force"); *United States* v. *Baires-Reyes*. No. 15-CR-00122-EMC-2, 2016 WL 3163049, at *3 (N.D. Cal. June 7, 2016) (stating "it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery—which involve a substantial risk that physical would be used in the course of committing the offense—to be covered by the residual clause, not the force clause"). Indeed, the Seventh Circuit, in transferring Velleff's petition here, stated that "conspiracies do not have an element of force." (Dkt. 2 at 2 (citing *Bush* v. *Pitzer*, 133 F.3d 455, 457 (7th Cir. 1997).)

As neither of the elements of Hobbs Act conspiracy requires a conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause.

## CONCLUSION AND ORDER

For the foregoing reasons, Velleff's 28 U.S.C. § 2255 motion (Dkt. 1) to vacate his mandatory five-year sentence imposed under 18 U.S.C. § 924(c)(1)(a) is granted. Velleff's counsel shall promptly confer with the assigned Assistant United States Attorney to discuss potential dates for Velleff's resentencing. A status hearing is scheduled for April 25, 2018, at 9:00 a.m.

Dated: April 20, 2018

_____
U.S. District Judge Joan H. Lefkow